UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CV-84-F

| | | |
|---|---|---|
| NICASIO BAUTISTA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| PEDRO ZUNIGA and | ) | |
| CRISTINA ZUNIGA, | ) | |
|     Defendants. | ) | |

This matter is before the court upon the Motion for Default Judgment [DE-20] filed by Plaintiff Nicasio Bautista.

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing a Complaint [DE-1] in this court on May 23, 2011, alleging violations of the Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.* ("FLSA") and the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.* ("AWPA"). The Edgecomb County Sheriff served the Summons and Complaint on both Defendants on July 3, 2011, and Plaintiff filed the returns of service on July 8, 2011. *See* Returns of Service [DE-13; DE-14]. Neither Defendant filed a responsive pleading to the Complaint, and the Clerk of Court for the Eastern District of North Carolina entered default against the Defendants on August 25, 2011. *See* Entry of Default [DE-17].

On October 26, 2011, Plaintiff's counsel informed the Clerk that the parties to this action had reached a tentative settlement. No stipulation of dismissal was filed with the court; instead,

on December 1, 2011, Plaintiff's counsel filed a Certificate of Service [DE-18] stating she had served both Defendants with a copy of the Clerk's August 25, 2011 Order entering default against Defendants. When more than three weeks passed with no further action in the case, the undersigned directed Plaintiff to file a stipulation of dismissal within thirty days, or in the alternative, to reduce the matter to judgment. December 27, 2011, Order [DE-19]. Plaintiff responded by timely filing the Motion for Default Judgment, and seeks actual and statutory damages against Defendants for his FLSA and AWPA claims. Plaintiff also seeks injunctive relief under the AWPA. Neither Defendant has filed a response.

## II. ANALYSIS

Plaintiff's Motion for Entry of Default Judgment raises two issues for this court: (1) whether default judgment is appropriate under Rule 55, and (2) whether the well-pleaded allegations in the Complaint support the relief sought in this action.

### A. Propriety of Default Judgment

This court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Service on both Defendants was obtained in accordance with Rule 4 of the Federal Rules of Civil Procedure, as described above, and both Defendants were domiciled within North Carolina at the time this action was instituted. Accordingly, this court has personal jurisdiction over Defendants. The Clerk of Court having filed entry of default on August 25, 2011, the court concludes that the procedural requirements for entry of default judgment have been met.

### B. Requested relief

Although Plaintiff meets the technical requirements for entry of default judgment, the inquiry does not stop there. It is well settled that upon default, the facts alleged in the complaint are deemed admitted. *See Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir.

2

2001). The court, however, determines whether the facts, as alleged, support a claim and the relief sought. *Id.* In this case, Plaintiff seeks actual and liquidated damages under the FLSA in the amount of $1,028.28; $5,000.00 in statutory damages under the AWPA; and $10,277.50 in attorney's fees and expenses. The court will address each claim and requested relief seriatim.

### 1. Plaintiff's Fair Labor Standards Act Claim

Plaintiff alleges that the Defendants violated the FLSA by failing to pay him the applicable minimum wage. *See* 29 U.S.C. § 206(a)(providing "[e]very employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce," wages at a statutorily specified rate). To establish a violation of the FLSA for non-payment of a minimum wage, a plaintiff must show that (1) the plaintiff was employed by the defendant(s); (2) the plaintiff engaged in commerce or in the production of goods for commerce; and (3) the plaintiff was not compensated for all hours worked during each work week at a rate equal to or greater than the then-applicable minimum wage. *Id. See also Zhong v. August August Corp.*, 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007). The court finds that Plaintiff has adequately alleged facts supporting all these elements. *See* Compl. [DE-1] ¶¶ 6-8, 10, 15-21. Additionally, the court finds that Plaintiff has alleged sufficient facts to establish that Defendants' violation of FLSA was willful. *See* Compl. [DE-1] ¶¶ 22-23 (alleging that Defendants took deductions from Plaintiff each pay period for "taxes" but failed to remit money for taxes to the government, which brought Plaintiff's wages further below the federal minimum wage for each week). Accordingly, the statute of limitations for Plaintiff's FLSA claim is three years. 29 U.S.C. § 255(a). Because this action was timely commenced, and because Plaintiff

has alleged sufficient factual allegations, judgment against both Defendants is appropriate on Plaintiff's claim for non-payment of a minimum wage.

The FLSA provides that any employer who violates § 206 is liable to the affected employee in the amount of his unpaid minimum wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b). Plaintiff has filed declarations establishing the amount of his unpaid minimum wages: $514.14. *See* Decl. Lori Johnson [DE-20-2]; Decl. Nicasio Bautista [DE-20-3]. Accordingly, Defendants Pedro Zuniga and Cristina Zuniga are adjudged jointly and severally liable under the FLSA for the amount of $1,028.28, to paid to Plaintiff, plus interest from the date of this judgment until paid.

**2. Plaintiff's AWPA Claim**

In Plaintiff's second claim for relief, he alleges that both Defendants committed multiple violations of the AWPA, which guarantees certain protections and benefits to seasonal agricultural workers. The court finds that Plaintiff has sufficiently alleged that Defendants intentionally violated the AWPA by: (1) failing to make, keep and preserve adequate payroll records, 29 U.S.C. § 1831(c)(1); (2) failing to provide an itemized written wage statement for each pay period, § 1831(c)(2); (3) failing to pay wages when due, § 1822(a); (4) failing to comply with the terms of the working arrangement, § 1822(c); (5) providing false and misleading information to Plaintiff, § 1831(e); (6) performing farm labor contracting activities without possession of a farm labor contractor registration certificate, § 1811; (7) failing to separately authorize any vehicle used for the transportation of agricultural workers, § 1812(2); and (8) failing to pose a notice at the jobsite stating the workers' rights under the AWPA, § 1831(b). Compl. [DE-1] ¶¶ 22-23, 25-29, 35. Accordingly, Plaintiff is entitled to judgment on his claim under the AWPA for the Defendant's intentional violations of the Act.

4

Plaintiff seeks an award of $500 in statutory damages for ten intentional AWPA violations. Under 29 U.S.C. § 1854(c)(1), a court may, but is not required to, award up to $500.00 in statutory damages to a plaintiff for each intentional violation of the AWPA. A court should consider the following factors in determining the amount of statutory damages under the AWPA: (1) the total amount of the award; (2) the nature and persistence of the violation; (3) the extent of the defendant's culpability; (4) damage awards in similar cases; (5) the defendant's ability to prevent future violations of the AWPA; (6) the substantive or technical nature of the violations; and (7) the circumstances of each case. *Howard v. Malcolm*, 658 F.Supp. 423, 426 (E.D.N.C. 1987)(citing *Beliz v. W.H. McLoad & Sons Packing Co.*, 765 F.2d 1317, 1332-33 (5th Cir. 1985)). A court may also consider "the plaintiffs' recovery on closely related claims joined in the same suit that will in part compensate the damages caused by violations of the [AWPA]." *Beliz*, 765 F.2d at 1333. Additionally, AWPA requires the court to consider any attempts made to resolve the dispute prior to resorting to litigation. 29 U.S.C. § 1854(c)(2).

In awarding statutory damages, "it ought not to be cheaper to violate the Act and be sued than to comply with the statutory requirements." *Howard*, 765 F.2d at 436 (citing *Beliz*, 765 F.2d at 1332). An award "should be sufficient to overcome the 'general background of fear and intimidation' inherent in the agricultural industry so as to encourage such workers to assert their statutory rights." *Smith v. Bonds*, No. 91-818-CIV-5-D, 1993 WL 556781, at *12 (E.D.N.C. Sept. 28, 1993)(quoting *Beliz*, 765 F.2d at 1332)).

Having considered the *Beliz* factors, as well as the efforts made by Plaintiff's counsel to settle this dispute, the court concludes that Plaintiff is entitled to $250 in statutory damages for each of the violations of 29 U.S.C. §§ 1811(a), 1812(2), and 1831(b). As this court and other courts have determined, certification and posting violations are considered technical, rather than

substantive violations. *See Howard*, 765 F.2d at 436; *Smith*, 1993 WL 556781 at *13. *See also Herrara v. Singh*, 103 F.Supp.2d 1244, 1252 (E.D. Wash. 2000). Accordingly, the court considers $250 per violation–as opposed to the statutory maximum of $500–to be sufficient to promote enforcement of the AWPA and deter future violations. *Howard*, 658 F.Supp. at 435 (explaining that the statutory damages provision has two purposes: allowing plaintiffs to recover for harm even if they cannot prove actual damages and promoting compliance with AWPA's requirements to deter future violations).

Similarly, the court finds that Plaintiff is not entitled to the maximum statutory damages for Defendants' violations of 29 U.S.C. §§ 1831(c)(1), 1831(c)(2), 1822(a), 1822(c), and 1831(e), because his award for damages under the FLSA should adequately compensate him for Defendant's violations of the aforementioned sections of the AWPA. *See Boyer v. Adams*, No. 5:11-CV-53-FL, 2012 WL 530003, at *2 (E.D.N.C. Feb. 17, 2012); *Smith*, 1993 WL 556781, at *12. The court does not, however, decline to award *any* statutory damages. Rather, to encourage compliance with the AWPA, the court awards Plaintiff statutory damages in the amount of $400 for Defendants' failure to provide an itemized wage statement in violation of 29 U.S.C. § 1831(c)(2).[1]

Accordingly, Defendants Pedro Zuniga and Cristina Zuniga are adjudged jointly and severally liable under the AWPA for violations of 29 U.S.C. §§ 1831(b) and 1831(c)(2) in the amount of $650, plus interest from the date of this judgment until paid. Additionally, Defendant Pedro Zuniga is adjudged liable in the amount of $500.00 for his violations of 29 U.S.C. §§

---

[1] The failure to provide an itemized wage statement may have serious consequences for a worker by affecting their eligibility for unemployment insurance, their status with the immigration enforcement, and their dealings with the Internal Revenue Service. *Saintida v. Tyre*, 783 F.Supp. 1368, 1375 (S.D.Fla. 1992)(citing *Frenel v. The Freezeland Orchard Company, Inc.*, No. Civ. A 87-278-A, 1988 WL 58061, at *3 (E.D.Va. April 8, 1988)).

6

1811(a) and 1812(2). Defendant Cristina Zuniga also is adjudged liable in the amount of $500 for her violations of §§ 1811(a) and 1812(2).

In addition to damages, Plaintiff also seeks injunctive relief under the AWPA. Specifically, Plaintiff seek an injunction requiring Defendants to report Plaintiff's earnings from Defendants in 2009 to the Social Security Administration. Similar relief has been ordered under the AWPA in other cases, *see Saintida,* 783 F.Supp. at 1376 n.2, and the court finds such relief to be appropriate in this case. Accordingly, Defendants Pedro Zuniga and Cristina Zuniga are ORDERED to file the required documentation regarding Plaintiff's labor during 2009 with the Social Security Administration within sixty (60) days of this order.

### 3. Attorney's Fees and Costs

Plaintiff also seeks an award of attorney's fees and costs under the FLSA. *See* 29 U.S.C. § 216(b). An award of attorney's fees and costs to a prevailing plaintiff under the FLSA is mandatory, but the amount of the award is within the discretion of the court. *Burnley v. Short,* 730 F.2d 136, 141 (4th Cir. 1984). In support of his claim for attorneys' fees and costs, Plaintiff has submitted the Affidavit of Lori J. Johnson [DE-20-5], his counsel in this action. Plaintiff requests costs in the amount of $380.00 for the filing fee and cost of service in this action, and he requests attorney's fees in the amount of $9,897.50 to be paid to Legal Aid of North Carolina, Inc.

Although Plaintiff is entitled to an award of attorney's fees and costs, he has the burden of demonstrating a reasonable award. *Jackson v. Estelle's Place, LLC,* 391 F. App'x 239, 242 (4th Cir. 2010)(per curiam)(unpublished). To determine a reasonable award, the court must first calculate the lodestar amount, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Grissom v. The Mills Corp.,* 549 F.3d 313, 320

7

(4th Cir. 2008). In determining what constitutes a reasonable amount of hours and a reasonable hourly rate, the court is guided by the *Johnson/Barber* factors. *Barber v. Kimbrell's Inc.*, 577 F.2d 216, 226 (4th Cir. 1978)(adopting twelve factor test set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) *overruled on other grounds*, *Blanchard v. Bergeron*, 489 U.S. 87 (1989)). Those twelve factors include:

> (1) the time and labor required to litigate the suit; (2) the novelty and difficulty of the questions presented by the lawsuit; (3) the skill required properly to perform the legal services; (4) the attorney's opportunity costs in pursuing the litigation; (5) the customary fee for such services; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the attorney's professional relationship with the client; and (12) awards in similar cases.

*Daly v. Hill*, 790 F.2s 1071, 1075 n.2 (4th Cir. 1985). After calculating the lodestar figure, the court subtracts fees for hours spent on unsuccessful claims unrelated to successful ones." *Johnson v. City of Aiken*, 278 F.3d 333, 337 (4th Cir. 2002). "Once the court has subtracted the fees incurred for unsuccessful, unrelated claims, it then awards some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

The court has reviewed Ms. Johnson's affidavit. Although the court may determine the reasonable amount of hours based on the information provided in the affidavit, the docket, and the court's experience, the court does not have enough information to determine a reasonable hourly rate. The Fourth Circuit has explained that the "determination of the hourly rate will generally be the critical inquiry in setting the reasonable fee, and the burden rests with the fee applicant to establish the reasonableness of the requested rate." *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)(internal quotation marks and citations omitted). Accordingly, in addition to an attorney's own affidavit, "the fee applicant must produce satisfactory specific evidence of the

prevailing market rates in the relevant community for the type of work for which he seeks an award." *Id.* at 277 (quotation marks and citations omitted). *See also Grissom*, 549 F.3d at 323 (holding that the district court abused its discretion by not reducing the hourly rate requested by the fee applicant where the evidence was insufficient to support the requested rate). Ms. Johnson's affidavit, standing alone, does not contain sufficient information for this court to determine a reasonable hourly rate. Without such information, the court cannot make a determination as to the reasonable amount of attorney's fees.

Accordingly, Plaintiff's request for attorney's fees and costs is DENIED without prejudice to Plaintiff, within thirty (30) days of the entry of default judgment in this case, to move again for an award of costs and attorney's fees which is supported by sufficient evidence for this court to determine a reasonable award.

### III. CONCLUSION

Plaintiff's Motion for Default Judgment [DE-20] is ALLOWED in part. It is hereby ORDERED, ADJUDGED AND DECREED that:

1. Defendants Pedro Zuniga and Cristina Zuniga are adjudged jointly and severally liable, for violation of the Fair Labor Standards Act, in the amount of $1,028.28, to paid to Plaintiff, plus interest from the date of this judgment until paid;

2. Defendans Pedro Zuniga and Cristina Zuniga are adjudged jointly and severally liable for violations of 29 U.S.C. §§ 1831(b) and 1831(c)(2) in the amount of $650, to be paid to Plaintiff, plus interest from the date of this judgment until paid;

3. Defendant Pedro Zuniga is adjudged liable in the amount of $500.00, to be paid to Plaintiff, for his violations of 29 U.S.C. §§ 1811(a) and 1812(2);

9

4. Defendant Cristina Zuniga is adjudged liable in the amount of $500, to be paid to Plaintiff, for her violations of §§ 1811(a) and 1812(2); and

5. Defendants Pedro Zuniga and Cristina Zuniga are ORDERED to file the required documentation regarding Plaintiff's labor during 2009 with the Social Security Administration within sixty (60) days of this order.

To the extent the Motion for Default Judgment seeks an award of attorney's fees and costs, it is DENIED without prejudice. Plaintiff is ORDERED to file, within thirty (30) days of the entry of default judgment in this case, another motion for an award of costs and attorney's fees which is supported by sufficient evidence so this court may determine a reasonable award.

SO ORDERED.

This the 5th day of April, 2012.

JAMES C. FOX
Senior United States District Judge