**In the United States District Court**
**For the Eastern District of North Carolina**
**Eastern Division**
**Case No. 4:11-cv-00084-F**

| | |
|---|---|
| Nicasio Bautista,      ) | |
|     Plaintiff      ) | |
|      ) | |
| v.      ) | |
|      ) | |
| Pedro Zuniga      ) | **ORDER** |
| And      ) | |
| Cristina Zuniga,      ) | |
|     Defendants.      ) | |

On May 23, 2011, Plaintiff Nicasio Bautista ("Bautista" or "plaintiff") filed this action against Pedro Zuniga and Cristina Zuniga ("defendants")[DE-1] alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the Migrant and Seasonal Agricultural Worker Protection Act, 29 U.S.C. § 1801 *et seq.* ("AWPA"). On April 5, 2012, a Default Judgment Order was filed allowing Plaintiff's Motion for Default Judgment in part. [DE-21] Defendants were adjudged jointly and severally liable for violations of the FLSA, in the amount of one thousand twenty-eight dollars and twenty-eight cents ($1028.28), to be paid to Plaintiff plus interest from the date of judgment. Defendants were further adjudged jointly and severally liable for violations of AWPA provisions 29 U.S.C. §§1831(b) and 1831(c)(2) in the amount of six hundred and fifty dollars ($650.00) and each individually liable for an additional five hundred dollars ($500.00) for AWPA provisions29 U.S.C. §§1811(a) and 1812(2). Finally, Defendants were ordered to file the required documentation regarding Plaintiff's labor during 2009 with the Social Security Administration within sixty (60) days of the order. As to Plaintiff's request for nine thousand eight hundred ninety seven dollars and fifty cents

($9897.50) in attorney's fees plus three hundred eighty dollars ($380.00) in costs, the Court determined it did not possess sufficient information to determine a reasonable hourly rate and ordered Plaintiff to file, within thirty (30) days of the entry of default judgment, another motion for an award of costs and attorney's fees with sufficient supportive evidence. [DE-21]

On May 3, 2012, Plaintiff filed a timely motion requesting an award of attorney's fees and costs under 29 U.S.C. §216(b) and Federal Rule of Civil Procedure 54(d). [DE-22] The motion was filed contemporaneously with a Memorandum of Law with supporting declarations. [DE-23] For reasons stated below, the court awards plaintiff $9897.50 in fees and $380.00 in costs.

In an action under the FLSA, a court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. §216(b) While Plaintiff is entitled to an award of attorney's fees, the burden rests with the fee applicant to establish the reasonableness of a requested rate. Plyer v. Evatt, 902 F.2d 273, 277 (4th Cir. 1990). Calculation of a reasonable attorney's fee requires calculation of a "lodestar" fee, which is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. Grissom v. The Mills Corp., 549 F.3d 313, 320 (4th Cir. 2008).

In making its determination, a court should consider:

(1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to perform properly the legal services rendered; (4) the attorney's opportunity costs in pressing the litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit

arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases

Barber v. Kimbrell's Inc., 577 F.2d 216, 226 (4th Cir. 1978)(adopted a twelve factor test set forth in Johnson v. Georgia Highway Express, Inc., 488 F.2d. 714, 717-19)(5th Cir. 1974) overruled on other grounds, Blanchard v. Bergeron, 489 U.S. 87, 109 S.Ct. 939, 103 L.Ed.2d 67 (1989))."[A]fter calculating the lodestar figure, the court should then subtract fees for hours spent on unsuccessful claims unrelated to successful ones." Grissom, 549 F.3d at 321 (quotation omitted). Finally, the court considers the degree of success enjoyed by the plaintiff and awards a percentage of the remaining amount. Id.

The fee applicants bear the burden of proving that their asserted hourly rates are reasonable. Plyer, 902 F.2d, at 277. To meet their burden, movants must produce satisfactory specific evidence of the prevailing market rates in the relevant community where the district court sits for the type of work awarded. Grissom, 549 F.3d, at 321;(citing Rum Creek Coal Sales v. Caperton, 31 F.3d 169, 179 (4th Cir. 1994).

Plaintiff's counsel requests a rate of two hundred and fifty ($250.00) per hour. [DE-23] She supports this request with her own declaration and the declaration of two respected practitioners from the Raleigh, North Carolina community. Id., Revised Declaration of Lori J. Johnson in Support of Petition for Attorney's Fees and Costs [DE-23-8]; Declaration of Carol L. Brooke in Support of Petition by Counsel for Plaintiff for an Award of Costs and Attorney's Fees [DE-23-9]; Declaration of Robert J. Willis in Support of Lori J. Johnson's Motion for Attorneys' Fees. [DE-23-10] Plaintiff's Counsel has fifteen years of experience in employment law specializing in the representation of agricultural workers and has appeared in several federal lawsuits. This court finds that an

hourly fee of two hundred and fifty ($250.00) is reasonable for an attorney in the Raleigh, North Carolina community of Plaintiff Counsel's skill, experience and area of practice.

Plaintiff's counsel requests reimbursement for thirty-nine and fifty nine hundredths (39.59) hours expended representing Plaintiff from filing the Complaint in May, 2011 to the April 5, 2012 Default Judgment Order. She states that the time sought to be reimbursed is limited to time associated either specifically with the FLSA claim or generally considered necessary to further the FLSA and related AWPA litigation and excludes hours specifically spent on the non-fee generating AWPA claims. [DE-23] She supports this request with an itemization of services rendered created after review of records contemporaneously entered using internal litigation timekeeping software. This itemization of services is attached to her declaration [DE-23-8].

The time devoted to this case from the drafting of the Complaint through the filing of the Motion for Default Judgment was necessary to the successful result obtained and it was reasonable given the facts, circumstances and demands of the case. There was no duplication of work or effort and no unnecessary work was performed. This court finds that the number of hours expended on Plaintiff's claims is reasonable and therefore compensable. This court finds that resulting lodestar fee of nine thousand eight hundred ninety seven dollars and fifty cents ($9897.50) is reasonable under the Johnson/Barber factors.

This court finds that the FLSA and AWPA claims were interrelated and arose out of the same core facts related to Plaintiff's 2009 employment with Defendants. When claims are related, "[m]uch of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis."

<u>Hensley v. Eckerhart</u>, 461 U.S. 424, 435, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). This occurs when separate claims contain a "common core of facts." <u>Id</u>.

Because Plaintiff succeeded to the fullest extent of the law on his sole FLSA claim and there are no unsuccessful, unrelated claims in this case, this court awards plaintiff nine thousand eight hundred ninety seven dollars and fifty cents ($9897.50) in attorney's fees.

As for Plaintiff's request for costs, a judge may tax the costs of the clerk and marshal's fees. 28 U.S.C. §1920. Plaintiff has requested that Defendants be taxed three hundred eighty dollars ($380.00) for the cost of filing and service of the summons. This court approves a tax on Defendants for three hundred eighty dollars ($380.00) in costs.

In sum, plaintiff's motion for attorney's fees and costs [DE-22] is ALLOWED. The court awards Plaintiff nine thousand eight hundred ninety seven dollars and fifty cents ($9897.50) in attorney's fees and three hundred eighty dollars ($380.00) in costs. The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this 4th day of June, 2012.

James C. Fox

JAMES C. FOX

*Senior United States District Judge*